S/cc 216



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable A. C. Winborn
Criminal District Attorney
Houston, Texas

Dear Mr. Winborn:   Opinion No. O-6646

        Re: Construction of House Bill
        No. 247, passed by the Legisla-
        ture in 1945, relating to pay
        for grand jurors and petit jurors.

   Your letter of June 9, 1945, asking us to construe
House Bill No. 247, passed in 1945, has been given our care-
ful consideration.

   This Bill amends Articles 625 and 1056 of the Code
of Criminal Procedure, and Article 2122 of the Revised Civil
Statutes of Texas. As amended, said Articles read as follows:

   "Article 625. Special Pay for Veniremen.
Veniremen summoned on special venire who have been
challenged on their voir dire, shall each be paid
out of the jury fund Two Dollars ($2) for each day
he attends court on said summons. If the regular
venire shall be exhausted, and talesmen summoned
as provided by law, the talesmen challenged on their
voir dire shall each be paid out of the jury fund
Two Dollars ($2) for each day he attends court on
said summons, and no greater sum shall be paid chal-
lenged venireman and talesman regardless of the num-
ber of cases to which they shall be summoned in any
one day. All veniremen and talesmen taken on trial
juries shall receive the same per diem paid petit
jurors."

   "Article 1056. Pay of Jurors. Each juror in
the district or criminal district court, county
court or county court at law, except special venire-
men and talesmen challenged on their voir dire whose
pay is now fixed by law, shall receive Four Dollars
($4) for each day and for each fraction of a day he

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

attends court as such juror, to be paid out of
the jury fund of the county. Jurors in justice
courts who serve in the trial of criminal cases
in such courts shall receive fifty cents (50¢)
in each case they sit as jurors, provided that
no juror in such court shall receive more than
One Dollar ($1) for each day or fraction of a
day he may so serve as such juror. Grand jurors
shall each receive Four Dollars ($4) for each
day and for each fraction of a day that they may
serve as such. The same per diem shall be paid
to all persons responding to the process of the
court but who are excused by the court from jury
service for any cause, after being tested on
their voir dire."

"Article 2122. Pay of Jurors. Each Juror
in the district or county court or county court
at law shall receive Four Dollars ($4) for each
day or fraction of a day that he attends court
as such juror, to be paid out of the jury fund
of the county. Check drawn by Clerk of the Dis-
trict Court of the County on the Jury Fund may
be transferred by endorsement and delivery and
shall be receivable at par from the holder for
all county taxes. The same per diem shall be
paid to all persons responding to the process
of the court but who are excused by the court
from jury service for any cause, after being
tested on their voir dire."

It is our opinion that under said Articles, con-
strued as a whole, veniremen and talesmen summoned to serve
on a special venire are entitled to $2.00 per day for each
day they attend court, if they respond to said summons and
are under oath examined by the court on their voir dire.
Veniremen and talesmen, who are accepted as jurors, are en-
titled to $4.00 for each day they attend court in a particu-
lar case.

If a juror is summoned on a special venire or as a
talesman thereon, and is not examined under oath by the
court, he is not entitled to any pay.

Each juror summoned for duty for service in the Dis-
trict or County Courts or County Court-at-Law, who, in response
to said summons appears and is examined by the court under oath

on his voir dire, and then excused for any reason, is entitled to $4.00 for each day he attended court. If he is not excused but is sworn in to serve on the panel, he is entitled to $4.00 for each day he attends court, regardless of whether he actually serves on the jury.

A juror who is summoned and does not appear and is not sworn to be examined on his voir dire, is not entitled to any pay.

In no event is a juror entitled to receive compensation for more than the maximum allowed for any one day. In other words, if he should be summoned on the regular jury and on the special venire, he could not be paid for more than the maximum fee, regardless of whether he serves on the special venire and a petit jury during one and the same day.

The juror in the Justice Court is entitled to fifty cents for each criminal case on which he may sit as a juror, but cannot receive more than $1.00 for each day he serves. In other words, if he should sit in the trial of a criminal case for two or more days, he would only be entitled to fifty cents. If he should sit in the trial of two or more criminal cases on the same day, he would be entitled to only $1.00.

All citizens who are summoned to serve as grand jurors and respond thereto, and who are examined under oath on their voir dire, are entitled to $4.00 for each day they may serve. A citizen summoned as a grand juror, who is not examined under oath on his voir dire as to his qualifications for service as a grand juror, would not be entitled to any pay. If he is so examined and excused, he is entitled to $4.00 for each day he attended court prior to the time he was excused.

One of the evident purposes of the Bill is to allow citizens who are summoned to serve on the grand or petit juries in our District and County Courts, to receive some compensation, if they respond to the summons, and are examined by the court on their voir dire relative to excuses or qualifications, and if, after being examined on their voir dire, are excused from service.

The Act also clearly increases the pay which said jurors receive under the old law.

Honorable A. C. Winborn - page 4

The Act became effective on May 24, 1945.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Geo. V. Barcus
Assistant



APPROVED JUN 19 1945

FIRST ASSISTANT
ATTORNEY GENERAL

GVB-MR



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

219